UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| In re | |
|---|---|
| | Case No. _____ |
| Debtor | **CHAPTER 13 PLAN  DATED _____** |

**NOTICE: Your rights may be affected; all parties (including debtor and creditors) are bound to the terms of a confirmed plan. Creditors' claims may be modified or eliminated. The plan imposes obligations and duties on debtor and other parties. You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

If you oppose the plan treatment of your claim or any provision of this plan, you must file an objection. **Failure of a creditor to file a written objection to this plan will constitute acceptance of the plan, and the bankruptcy court may confirm the plan without hearing or further notice**. Objections must be filed within 14 days after the conclusion of the meeting of creditors unless otherwise ordered by the court; for an amended plan, the deadline is in the attached notice of amendment. If there are any additional plan provisions or provisions that alter the language of paragraphs 1–14, they must be added below starting with paragraph 15.

1. **Plan Motions.** This plan includes the following items and does not include items not selected:

| Includes | Items |
|---|---|
| | **Motion to Value Collateral:** A limit on the amount of a secured claim, set out in paragraphs 4(b)(1) and (2), which may result in a partial payment or no payment at all to the secured creditor. |
| | **Motion for Relief:** Termination of the automatic stay with respect to surrendered property, set out in paragraph 4(b)(4), or property subject to a rejected contract or lease, set out in paragraph 5. |
| | **Motion to Avoid Liens:** Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in paragraph 6 |
| | **Nonstandard Provisions:** Set out starting in paragraph 15. |

2. **Applicable Commitment Period.** The applicable commitment period of this plan is [*check one*]    36    60 months. Debtor must make plan payments for that period unless debtor first pays 100% of all allowed claims with appropriate interest.

    If the period is 36 months, the plan payments may continue for a longer period, not to exceed 60 months, as necessary to complete required payments to creditors. The approximate length of time it will take debtor to complete the plan is _____ months. Cause to extend longer than 36 months is as follows:

3. **Payments to the Trustee.**

    (a) Debtor must pay to the trustee a monthly payment of $_____ _____.

    (b) Debtor must pay to the trustee all non-exempt proceeds from avoided transfers, including those from transfers avoided by the trustee.

    (c) With respect to tax years _____, debtor must pay to the trustee [*check only one*]

    ☐ net tax refunds attributable to those tax years upon receipt.

    ☐ no portion of net tax refunds attributable to those tax years.

    Net tax refunds are those tax refunds not otherwise provided for in the plan, less (1) tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year; (2) any earned income tax credit; (3) ☐ if checked, child tax credits; and (4) ☐ if checked, _____ _____.

    (d) Debtor must pay to the trustee a lump sum payment of $_____ on or before _____.

    (e) Debtor must pay to the trustee _____ _____.

4. **Trustee Disbursements and Treatment of Claims.** Before confirmation, the trustee must commence disbursements required by paragraph 4(b)(3), unless a nonstandard provision of this plan expressly provides otherwise (see paragraph 14); upon confirmation, the trustee must commence other disbursements in accordance with this plan. The trustee must not make any disbursement under this paragraph except on account of an allowed claim or allowed administrative expense. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of available funds must be made pro rata. The trustee must disburse all funds in the following amounts and order:

    (a) **Trustee's Fee and Expenses.** First, to the trustee's percentage fee and expenses.

    (b) **Treatment of Secured Claims.** Second, to secured creditors as provided in (1) and (2) below. The terms of debtor's prepetition agreement with each secured creditor will continue to apply, except as otherwise provided in this plan or in the confirmation order.

    The value of collateral for secured claims is fixed at the values stated in (1) and (2) only if there is a check in the box "Includes" in paragraph 1 for "Motion to Value Collateral" and the plan is served on the secured creditor as required under Federal Rule of Bankruptcy Proceeding (FRBP) 7004 or the allowed amount of the secured claim is fixed

by consent of the secured creditor. Secured creditors retain their liens in accordance with 11 U.S.C. § 1325(a)(5)(B)(i), and the creditors must release the liens when retention ends under that section.

(1) **Cure of Default and Claim Modification.** Debtor must cure the default and maintain the contractual installment payments (as provided in paragraph 7) on a secured claim listed below in the "Estimated Arrearage if Curing" column. The amount listed in that column is an estimate; the creditor's allowed claim will control. A claim listed in the "Collateral Value if Not Paying in Full" column is an allowed secured claim only to the extent of the value listed, and, pursuant to § 506(a), debtor moves the court for an order fixing the value of the collateral in the listed amount.

The value of the creditor's interest in the collateral is limited to the amount listed below, and that amount will be paid under the plan with postconfirmation interest at the rate stated below. The holder of a claim listed in the "Estimated Secured Claim if Paying in Full" column will receive the total amount of the claim as set forth in the creditor's proof of claim.

For all creditors provided for under this subparagraph (1), if the creditor's claim will not be paid in full, the portion of the creditor's claim that exceeds the amount of the allowed secured claim will be treated as an unsecured claim under paragraph 4(f) (if the claim identifies the priority position of the claim) and 4(g) below.

| Creditor | Collateral | Estimated Arrearage if Curing | Collateral Value if Not Paying in Full | Estimated Secured Claim if Paying in Full | Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  | [*Use only one of these columns for each creditor.*] | | | | |

(2) **Secured Claim Modification Not Expressly Authorized by the Code.** Treatment of secured claims under this subparagraph (2) may include modification of a claim secured by a purchase-money security interest in either (a) a motor vehicle acquired for personal use by debtor within 910 days before the petition date or (b) any other personal property collateral acquired within 1 year before the petition date. A secured claim treated in this subparagraph is limited to the amount listed in the

"Amount of Claim as Modified (Value of Collateral)" column. Debtor moves the court for an order fixing the value of the collateral in the amount listed below. **Debtor proposes that the creditors listed accept, either expressly or impliedly, the following treatment, which might not be able to be approved absent consent of creditor. Failure of a creditor to file a written objection to confirmation of this plan before confirmation will constitute acceptance of the plan.**

| Creditor | Collateral | Amount of Claim as Modified (Value of Collateral) | Post-confirmation Interest Rate | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

|  |
|---|
|  |

(3) **Adequate Protection.** Unless a nonstandard provision of this plan expressly provides otherwise (see paragraph 14), payments must be disbursed by the trustee before confirmation, as adequate protection, from funds on hand with the trustee in the payment amounts specified in this plan for creditors whose claims are secured by personal property. If this case is dismissed before confirmation, debtor waives the right to require the trustee to return any funds previously paid to those secured creditors and the trustee's commissions thereon. Adequate-protection payments by the trustee before confirmation will be deducted from the amount of the allowed secured claim. Unless a creditor receiving adequate-protection payments is oversecured under § 506 or fully secured under the unnumbered paragraph after § 1325(a)(9), no interest will accrue or may be paid from the petition date to the confirmation date unless otherwise specifically provided for in the payment provisions set forth above.

(4) **Surrender of Collateral.** Debtor must surrender any collateral not addressed by the terms of this plan no later than the confirmation date to the following [*state creditor name followed by description of collateral to be surrendered, and, if debtor does not have possession of the collateral, so state*]:

With respect to the claims secured by the collateral listed in this subparagraph (4), debtor moves that the stay of § 362(a) be terminated as to the collateral only and that the stay of § 1301 be terminated.

(c) **Debtor's attorney compensation and expense reimbursement.** [*If this plan is filed as a postconfirmation amendment of plan, leave this part 4(c) entirely blank; any postconfirmation compensation and expense reimbursement will be addressed by application under Local Bankruptcy Form (LBF) 1307.*] Third, to debtor's attorney, fees of $ _____ and expenses of $ _____, of which $_____ had been paid as of the date the attorney's compensation disclosure and application on LBF 1305 was filed, leaving $ _____ unpaid.

The attorney [*check one*]  may   may not apply for supplemental compensation and expense reimbursement.

Debtor moves for modification of the automatic stay of § 362(a) to permit the attorney to offset the amount allowed to the attorney, to the extent it accrued before the petition date, against the amount that had been paid before the petition date.

The attorney will be paid as follows [*check only one*]:

All allowed attorney fees and expenses, including supplemental compensation, will be paid from all available funds after the trustee makes any disbursements under paragraph 4(a) and any fixed monthly payments in paragraph 4(b).

Other: _____.

(d) **Domestic Support.** Fourth, to allowed unsecured domestic support obligations under § 507(a)(1). These claims must be paid in full.

(e) **Administrative Expenses.** Fifth, to allowed administrative expenses under § 507(a)(2). These claims must be paid in full.

(f) **Priority Claims.** Sixth, to allowed priority claims in the order stated in § 507(a)(3)-(10). These claims must be paid in full.

(g) **Unsecured Claims.** Seventh, to allowed nonpriority unsecured claims, the amounts required by § 1325(b)(1). Creditors will receive [*check only one*]:

(1) Approximately _____% of their claims. Payment of any dividend will depend on the amounts of allowed secured, priority (including costs of administration and debtor's attorney fees), and nonpriority unsecured claims.

(2) Full payment of their claims.

(h) **Best Interest of Creditors.** The amount that must be paid under § 1325(a)(4) is $_____. Not less than that amount must be disbursed to unsecured priority and nonpriority creditors. The amount of allowed priority claims will reduce the amount distributed to allowed unsecured nonpriority creditors.

(i) **Unsecured Claim Interest.** All allowed unsecured claims will receive interest of _____% from the time of confirmation.

(j) **Section 1305 Claims.** Unless a nonstandard provision of this plan expressly provides otherwise (see paragraph 14), claims filed under § 1305 will not be paid.

(k) **Untimely Claims Disallowed.** Subject to the provisions of § 502(b)(9), untimely claims, other than those secured claims for which the treatment is specified in paragraph 4(b) above, are disallowed without the need for objection.

5. **Executory Contracts and Leases.** Debtor assumes the following executory contracts and leases:

| Creditor | Amount of Default [state if none] | Cure Provisions |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Executory contracts or leases not specifically listed above are rejected. Any allowed claim arising from rejection will be treated under paragraph 4(g). Debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. Debtor must surrender any property covered by rejected executory contracts or leases to the affected creditor no later than confirmation. Debtor moves that the stay of § 362(a) be terminated as to all property covered by rejected executory contracts and leases and that the stay of § 1301 be terminated.

6. **Section 522 Lien Avoidance.** Debtor moves, pursuant to § 522(f)(1), to avoid the judicial liens or non-purchase-money security interests of the following creditors because they impair an exemption of debtor:

The order of confirmation will avoid the liens listed above and claims of the lienholders will be treated in paragraph 4(g).

7. **Direct Payments.** Debtor must pay directly to each of the following creditors the regular payment that comes due after the petition date [*state creditor name followed by collateral description*]:

(j) **Section 1305 Claims.** Unless a nonstandard provision of this plan expressly provides otherwise (see paragraph 14), claims filed under § 1305 will not be paid.

(k) **Untimely Claims Disallowed.** Subject to the provisions of § 502(b)(9), untimely claims, other than those secured claims for which the treatment is specified in paragraph 4(b) above, are disallowed without the need for objection.

5. **Executory Contracts and Leases.** Debtor assumes the following executory contracts and leases:

| Creditor | Amount of Default [state if none] | Cure Provisions |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Executory contracts or leases not specifically listed above are rejected. Any allowed claim arising from rejection will be treated under paragraph 4(g). Debtor will pay all assumed executory contracts and leases directly, including amounts required to cure. Debtor must surrender any property covered by rejected executory contracts or leases to the affected creditor no later than confirmation. Debtor moves that the stay of § 362(a) be terminated as to all property covered by rejected executory contracts and leases and that the stay of § 1301 be terminated.

6. **Section 522 Lien Avoidance.** Debtor moves, pursuant to § 522(f)(1), to avoid the judicial liens or non-purchase-money security interests of the following creditors because they impair an exemption of debtor:

The order of confirmation will avoid the liens listed above and claims of the lienholders will be treated in paragraph 4(g).

7. **Direct Payments.** Debtor must pay directly to each of the following creditors the regular payment that comes due after the petition date [*state creditor name followed by collateral description*]:

8. **Use of Credit.** Debtor may not obtain credit or incur debt obligations during the life of the plan and out of the ordinary course of operating debtor's business unless the trustee gives written consent, the obtaining of the credit or incurring of the debt is made necessary by emergency, or debtor gives notice to all creditors and the trustee and an opportunity for hearing as if the credit or debt were to be incurred by the trustee.

9. **Reporting Requirements.** Unless waived by the trustee in writing, if debtor's actual or projected gross annual income exceeds by more than 10% the gross income projected by debtor in the most recently filed Schedule I, debtor must report that change to the trustee immediately upon learning of the change. Unless listed in the schedules, debtor must report immediately to the trustee any right of debtor to a distribution or right to distribution of funds or other property, including bonuses and inheritances, worth more than $2,500.

10. **Postpetition Tax Reporting.** For tax years listed in paragraph 3(c), debtor must timely file all required tax returns and provide copies to the trustee each year immediately upon filing with the taxing authority.

11. **Vesting of Estate Property; Limitations on Postconfirmation Property Use.**

    (a) Scheduled estate property and debtor's postpetition earnings will vest in debtor upon entry of the confirmation order. Estate property not then scheduled will remain estate property. Unless a nonstandard provision of this plan expressly provides otherwise (see paragraph 14), a postconfirmation plan modification will not vest any estate property in debtor.

    (b) This subparagraph applies to debtor property and property debtor acquires after the petition date and before discharge. Debtor must not buy, sell, use, lease, encumber, or otherwise dispose of any interest in real or noncash personal property worth $10,000 or more out of the ordinary course of business unless (i) the trustee provides written consent, (ii) debtor obtains a court order using LBF 1301 or LBF 1302, as applicable, (iii) debtor is leasing, as lessee, real property where debtor will reside, or (iv) a nonstandard provision of this plan expressly provides otherwise (see paragraph 14).

    (c) Except for regular monthly income from any source (including wages, salaries, income from the operation of a business, or Social Security payments), any postpetition distribution of funds to debtor, including any employment bonus, of $2,500 or more must be held by debtor and not used unless (i) the trustee provides written consent, (ii) debtor moves for authorization of the use, serves the motion on the trustee, and obtains an order granting the motion, or (iii) a nonstandard provision of this plan expressly provides otherwise (see paragraph 14).

    (d) Estate property that is not scheduled as of confirmation of this plan may be used only in accordance with §§ 363 and 1303.

12. **Treatment of Trustee Funds on Hand Upon Dismissal or Conversion.** If this case is converted to chapter 7 and the chapter 13 trustee has more than $2,500 at the time of conversion, the chapter 13 trustee must forward all funds to debtor, in care of debtor's attorney, if any, 10 days after the first scheduled § 341(a) meeting in the chapter 7 case unless the chapter 7 trustee files and serves a written objection pursuant to § 348(f)(2). If the funds in the chapter 13 trustee's possession at conversion are $2,500 or less, or if this case is dismissed, the chapter 13 trustee must forward all funds to debtor in care of debtor's attorney, if any. This paragraph does not determine the rights of the parties to these funds.

13. **Reservation of Rights and Powers.** Except as expressly set forth in this plan or the confirmation order, neither this plan nor the confirmation order affects any right or power of debtor or the trustee, including debtor's rights under § 1302 and rights of the trustee or any trustee's assignee under chapter 5.

14. **Additional Nonstandard Provisions.** Any nonstandard provisions are set forth below or on attachments; each provision is numbered, beginning with 15. Debtor and, if applicable, debtor's counsel certify that the plan contains no nonstandard provision other than those set out consistent with this paragraph. Nonstandard provisions set out elsewhere in this plan are ineffective; nonstandard provisions will be effective only if there is a check in the box "Includes" in paragraph 1.

_____    _____
Debtor                           Date    Debtor                           Date

**CERTIFICATE OF SERVICE on Creditors/Parties Treated in Paragraphs 4(b)(1)** (under the "Collateral Value if Not Paying in Full" column), **4(b)(2)** (under the "Amount of Claim as Modified" column), and **6** (see FRBP 3012, 4003(d), and 9014). I certify that copies of this plan and the notice of hearing to confirm this plan were served as follows—

a) For <u>creditors/parties who are not insured depository institutions (served by court)</u> (see FRBP 7004(b)), I either listed the creditors/parties in the mailing list filed with the court exactly as follows, or, on _____, I served the above-documents by first-class mail to the creditors/parties at the names and addresses exactly as follows [*list each creditor/party, the person or entity the creditor/party was served through, and the address*]:

b) For <u>insured depository institutions</u> (see FRBP 7004(h)), on _____, I served the above documents by certified mail, or by other authorized means (specify), at the name and address exactly as follows [*list each insured depository institution, the person or entity the institution was served through, and the address*]:

_____
Debtor or Debtor's Attorney